UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATANSIA JEAN POOLE,

             Plaintiff,                      No. 14-10512

v.                                  District Judge Bernard A. Friedman
                                  Magistrate Judge R. Steven Whalen

CITIMORTGAGE, INC., ET AL.,

             Defendants.

_____ /

### REPORT AND RECOMMENDATION

On February 4, 2014, Plaintiff LaTansia Jean Poole filed a 33-page (excluding exhibits), 137-paragraph *pro se* civil complaint challenging a mortgage foreclosure by advertisement involving her property in Ypsilanti, Michigan. Before the Court are a motion for summary judgment/dismissal filed by Defendants Trott & Trott, P.C., Donald King, Josie Lewis, Jacqueline Kontry, and Ryan Barr [Doc. #19] , and a motion to dismiss and for summary judgment filed by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and CitiMortgage, Inc. ("CMI") [Doc. #25] , which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

### I.    FACTS

This is a mortgage foreclosure case.  In 2003, Plaintiff LaTansia Poole granted a purchase money mortgage to ABN AMRO Mortgage Group, Inc. as security for a $68,800.00 loan. The property in question is a residence in Ypsilanti, Michigan. The mortgage is contained in Exhibit A of Defendants' motion [Doc. #19].  As of September

-1-

1, 2007, ABN AMRO merged into CitiMortgage, Inc. *See Defendants' Exhibit B*.

Following Plaintiff's failure to make the required monthly payments, CitiMortgage referred the matter to the law firm of Trott & Trott, P.C. ("Trott") to commence foreclosure proceedings. On April 25, 2011, Trott sent Plaintiff a Fair Debt Letter, explaining that she had 30 days to dispute the debt. *Defendants' Exhibit C*. Plaintiff timely disputed the debt. *Defendants' Exhibit D*. She claimed, at pp. 13-14 of her submission, that in fact, *she* was the lender and the mortgagee was the borrower. She included what she called a "counterclaim," claiming forgery, fraud, extortion, "dishonor in commerce," and other violations, and requested that she be paid $450,000 "in lieu of counterclaim." She also enclosed various self-styled, quasi-legal sounding documents such as Notice of No Response, Notice of Default and Opportunity to Cure, and Revocation of Power of Attorney.

On July 15, 2011, Defendant CMI sent Plaintiff a validation of the debt, and enclosed the promissory note, the deed of trust, the welcoming letter for the transfer of servicing the loan to CMI, the title insurance policy, and the payment history. Plaintiff was also given the address of CitiMortgage, Inc. as the "owner and legal holder of the note." *Defendants' Exhibit E*. CMI also responded as follows to Plaintiff's enclosures:

> "CMI and the Justice Department both share the view that this is an unlawful debt elimination scam. It has absolutely no legal effect and appears to be a unilateral attempt to void a lawful and fully enforceable financial obligation owed to CMI. I suggest that you consult with an attorney to fully appreciate the implications of your chosen choice of action. Your demands are respectfully refused." *Id*.

On April 25, 2011, CMI, through Defendant Trott and Defendant Kontry (an attorney employed by Trott) sent Plaintiff notice of her right to request a meeting within 14 days to discuss modification of her mortgage loan, as required by MCL § 600.3205a. *Defendants' Exhibit I*. Plaintiff did not respond.

-2-

On November 7, 2012, a Notice of Foreclosure was posted on the property, and beginning on November 5, 2012, the Notice was published weekly for four consecutive weeks. *Defendants Exhibits K and L*. On December 6, 2012, the Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the property at a Sheriff's Sale. *Defendants' Exhibit M*. The statutory exemption period expired on June 6, 2013. The property was not redeemed.

On July 8, 2013, Freddie Mac initiated summary proceedings for possession in State District Court. Plaintiff filed a counter-complaint, and then a Notice of Removal to this Court. On August 2, 2013, the Honorable Bernard A. Friedman remanded the case to State court, based on lack of subject matter jurisdiction.[1] *Defendants' Exhibit Q* (Order of Remand in E.D. Mich. Docket No. 13-13278). The Sixth Circuit dismissed Plaintiff's appeal. *Defendants' Exhibit S.* On October 11, 2013, the State District Court entered judgment in favor of Freddie Mac and dismissed Plaintiff's counter-complaint. *Defendants' Exhibit T.* Following bankruptcy proceedings and a lifting of the automatic bankruptcy stay, Plaintiff filed the present action on February 4, 2014.

In her complaint, Plaintiff brings 26 separately numbered claims. Each claim begins with the following:

> "That each Defendant, each and every one did in fact deliberately, with malice and forethought conspire either directly, or indirectly to deliberately injure and or oppress, and in violation of state and/or federal law and the basic Civil and Constitutional Rights of the Plaintiff LaTansia Jean Poole did conspire to do as follows...."

The specific claims continue as follows:

Count 1:      18 U.S.C. § 241, Conspiracy

---

[1] Plaintiff has filed two other cases in this Court, based on the same foreclosure, both of which were dismissed without prejudice on procedural grounds. *See* E.D. Mich. Case Nos. 11-51369 (Hon. Arthur J. Tarnow) and 11-51369 (Judge Cleland).

Count 2:      18 U.S.C. § 242, Deprivation of Rights
Count 3:      42 U.S.C. § 1982, Property Rights
Count 4:      42 U.S.C. § 1983, Deprivation of Rights
Count 5:      42 U.S.C. § 1985, Conspiracy, Obstruction of Justice
Count 6:      42 U.S.C. § 1986, Neglecting to Prevent Actions under § 1985
Count 7:      42 U.S.C. § 2000a(1), Discrimination or Segregation
Count 8:      42 U.S.C. § 2000a(2), Punishment for Exercising Rights
Count 9:      42 U.S.C. § 2000a(6), Jurisdiction
Count 10:     M.C.L. § 750.157a, Conspiracy
Count 11:     M.C.L. § 750.157v, False Statement with Intent to Defraud
Count 12:     18 U.S.C. § 1621, Perjury
Count 13:     18 U.S.C. § 1622, Subornation of Perjury
Count 14:     15 U.S.C. § 1592, Fair Debt Collection Practices Act ("FDCPA")
Count 15:     M.C.L. § 750.215, Impersonation of Public Officer
Count 16:     M.C.L. § 750.218, False Pretenses
Count 17:     M.C.L. § 750.279, Fraudulent Disposition of Personal Property
Count 18:     M.C.L. § 750.280, Gross Fraud
Count 19:     18 U.S.C. § 1512, Tampering with Evidence
Count 20:     18 U.S.C. § 1001, Entry of Fraudulent Statements on Documents
Count 21:     18 U.S.C. § 1341, Mail Fraud
Count 22:     Violation of Judicial Canons
Count 23:     18 U.S.C. § 2381, Conspiracy to Commit Treason
Count 24:     18 U.S.C. § 2382, Misprision of Treason
Count 25:     18 U.S.C. § 2382, Rebellion or Insurrection
Count 26:     18 U.S.C. § 2384, Seditious Conspiracy

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining

-4-

whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6ᵗʰ Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### B.   Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the

-6-

plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added).  If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper.  *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

There are numerous grounds upon which this complaint must be dismissed.  I will discuss the most obvious.

### A.   Criminal Statutes

Counts 1-2, 10-13, 15-21, and 23-26 all claim violations of state and federal criminal statutes.  Plaintiff has no private right of action under criminal statutes. *Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir.1997).  Moreover, Plaintiff does not have a right to initiate criminal charges. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry,* 16 F.3d 688, 692–93 (6th Cir.1994) (private party lacks standing to compel the state to pursue criminal or civil actions). As a private citizen, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles,* 476 U.S. 54, 63, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986).

Therefore, these counts must all be dismissed.[2]

### B.   Claims Under 42 U.S.C. § § 1982, 1983, 1985, and 1986

In Count 3, Plaintiff alleges a violation of 42 U.S.C. § 1982, which prohibits racial discrimination in real estate transactions. In Count 5, she alleges a violation of 42 U.S.C. § 1985, which deals with conspiracies to interfere with civil rights, and in Count 6, she

---

[2] Of course, these purely conclusory allegations also fail under the plausibility standard of *Iqbal*.

alleges a violation of 42 U.S.C. § 1986, which provides a cause of action against anyone who "having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so...." She also brings a claim in Count 4 under 42 U.S.C. § 1983.

42 U.S.C. § 1985(3) proscribes conspiracies to deprive persons of their civil rights under the law, and is directed at racial or otherwise protected class-based discriminatory animus behind the conspirators' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). To state a claim under § 1985(3), the complaint must allege a race or class-based discriminatory animus. *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). The Plaintiff in the present case has made no such allegation, and therefore any § 1985(3) claim must be dismissed under Rule 12(b)(6).[3] § 1986 provides a cause of action against anyone who neglects to prevent a violation of § 1985. *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F.Supp. 1251, 1260 (E.D. Mich. 1992). A colorable conspiracy claim under § 1985 is an absolute prerequisite to an action under § 1986. In other words, "[w]ithout a violation of section 1985, there can be no violation of section 1986." *Id.*; *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980). Because the Plaintiff has not shown a § 1985(3) violation, her § 1986 claim must also be dismissed under Rule 12(b)(6). In addition, there being no showing of race-based discrimination, her § 1982 claim also fails.

---

[3] In addition, Plaintiff's claims of conspiracy are impermissibly vague. In *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court clearly stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim...."

Finally, 42 U.S.C. § 1983 requires a showing that a plaintiff "(1)...was deprived of right secured by Constitution or laws of United States, and (2) the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). The Defendants in this case are not state actors. Furthermore, "[t]he Sixth Circuit has examined the constitutionality of foreclosures by advertisement and determined that no state action exists despite the presence of a state law enforcement officer." *Vuaai El v. Mortgage Electronic Registry System,* 2009 WL 2705819, *9 (E.D.Mich. 2009), citing *Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 28–29 (6th Cir.1975).

### C. Claims Under 42 U.S.C. § 2000a

In Counts 7, 8, and 9, Plaintiff brings claims under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.* This statute generally prohibits discrimination in public accommodations. Apart from the fact that Plaintiff has not plausibly pled discrimination based on a protected class, this is a mortgage foreclosure case, not a public accommodations case, so Title II simply has no application here.

### D. The Fair Debt Collection Practices Act

Count 14 alleges a violation of the FDCPA. While the claim is vague, it appears to challenge the validation of the debt. In *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC,__F.3d__,* 2014 WL 3440174, *7 -8 (6th Cir. 2014), the Sixth Circuit recently discussed the minimum requirements for validation under the FDCPA:

> "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date."

-9-

Defendants' Exhibits C, D, and E [Doc. #19], which Plaintiff has not rebutted, show that Defendants properly responded to Plaintiff's request for verification of the debt, by sending her a copy of the promissory note,  the deed of trust, the welcoming letter for the transfer of servicing the loan to CMI, the title insurance policy, and the payment history.  Plaintiff was also given the address of CitiMortgage, Inc. as the "owner and legal holder of the note."

In addition, the claim is time-barred.  The FDCPA provides a one-year statute of limitations from the date the violation occurs.  15 U.S.C. § 1692k(d). The Fair Debt Letter was sent on April 25, 2011.  This complaint was filed well over a year later, on February 4, 2014.

### E.    Plaintiff Lacks Standing to Challenge the Foreclosure Sale

In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (1942) (because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were extinguished" at the end of the foreclosure period). *Id.* at 187, 4 N.W.2d 514; M.C.L. § 600.3236[4]; *Conlin v. MERS,* 714 F.3d 355, 359 (6th Cir.2013) (citing *Piotrowski* ).

In exception to the general rule, "Michigan courts allow 'an equitable extension of

---

[4] M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:

Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter....

-10-

the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.' " *El–Seblani v. IndyMac Mortg. Services,* 2013 WL 69226, *3 (6th Cir. January 7, 2013) (citing *Schulthies v. Barron,* 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)); *Conlin* at 359. "The standards for obtaining such an extension are stringent." *Id.* In *Conlin, supra* the Sixth Circuit, citing *El–Seblani,* stated:

> "Whether the failure to make this showing [of fraud or irregularity] is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period."

> The fraud must relate to the foreclosure proceeding itself.  *Conlin, supra*.

Plaintiff has not made a plausible claim of fraud. Fed.R.Civ.P.  9(b)  provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir.2008) (internal quotation omitted).  Plaintiff has not satisfied Rule 9(b).

Finally, Plaintiff has not shown that she would have been prejudiced in the foreclosure sale by any alleged fraud.  In *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329 (2012), the Court held that to even show that a foreclosure is *void*, "plaintiffs must show that they were prejudiced by defendant's failure to comply with [M.C.L.] 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's

-11-

noncompliance with the statute." Here, Plaintiff defaulted on her promissory note. She would be in no better position to keep her property notwithstanding any generalized claim of fraud in the foreclosure proceeding.[5]

Thus, to the extent that Plaintiff seeks quiet title to the property, her complaint must be dismissed.

### F.   Rooker-Feldman

When Freddie Mac initiated possession proceedings in Michigan's 14th District Court, Plaintiff filed a counter-claim which included CMI and Trott as counter-defendants.[6] Plaintiff then attempted to remove the case to this Court, *see* E.D. Mich. Case No. 13-13278. However, on August 2, 2013, Judge Friedman remanded the case back to the 14th District Court. *Id.*, Doc. #4. While both the present complaint and the state court counter-complaint are vague and rambling, they both challenge the foreclosure on essentially the same grounds. On remand, the 14 District Court granted a judgment of possession to Freddie Mac and dismissed Plaintiff's counter-complaint.

In the present case, then, Plaintiff is in effect asking this Court to review the state court judgment. Therefore, this Court does not have subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine. Rooker-Feldman is based on the principle that a federal

---

[5] Plaintiff does not dispute that she defaulted on the promissory note, although she makes the bizarre argument that somehow *she* is the creditor and CMI owes her money. In any event, in addition to her lack of standing to challenge the foreclosure, she would also be barred from the equitable remedy of quiet title under the "unclean hands" doctrine. *See Yuille v. American Home Mortgage Services, Inc.*, 483 Fed.Appx. 132, 2012 WL 1914056 (6th Cir. 2012), citing *McFerren v. B&B Inv. Grp.*, 253 Mich.App. 517, 655 N.W.2d 779, 783 (2002)(unclean hands doctrine applies to quiet title actions). In other words, the Plaintiff doesn't get a free house, and the Defendants don't owe her any money.

[6] Plaintiff's state court counter-complaint is found as Doc. #3 in E.D. Mich. Case No. 13-13278.

-12-

district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *Exxon Mobil* held as follows:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

Whatever injuries Plaintff claims in this case arise from the state court judgment itself. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005). That judgment was rendered following remand by this Court. Plaintiff is, therefore, a "state court loser" who seeks to void the state court judgment. Accordingly, this case is jurisdictionally barred under Rooker-Feldman.

## G.    Res Judicata

Finally, any claims Plaintiff now makes in this Court were or could have been raised in the Michigan state court proceedings, such that even apart from the Rooker-Feldman problem, they would be barred under the doctrine of res judicata. As the Supreme Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra*. Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226

-13-

Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Plaintiff's case clearly falls within the Michigan test for res judicata, and is therefore subject to dismissal.

## IV.   CONCLUSION

For these reasons, I recommend that the motion for summary judgment/dismissal filed by Defendants Trott & Trott, P.C., Donald King, Josie Lewis, Jacqueline Kontry, and Ryan Barr [Doc. #19] , and the motion to dismiss and for summary judgment filed by Defendants Federal Home Loan Mortgage Corporation and CitiMortgage, Inc. [Doc. #25] be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

-14-

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 18, 2014


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 18, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen